**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FOX JOSEPH SALERNO, | No. 13-15279 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00489-ROS |
| v. | |
| CHARLES L. RYAN, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted August 13, 2014[**]

Before:    SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Arizona state prisoner Fox Joseph Salerno appeals pro se from the district

court's judgment dismissing for failure to exhaust administrative remedies his 42

U.S.C. § 1983 action alleging a First Amendment violation.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo.  *Sapp v. Kimbrell*, 623 F.3d 813, 821

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2010). We affirm.

The district court properly concluded that Salerno failed to exhaust his administrative remedies through all available levels, and that Salerno did not show that administrative remedies were effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Sapp*, 623 F.3d at 822-23 (describing limited circumstances under which administrative remedies are deemed unavailable or exhaustion is excused).

The district court did not abuse its discretion by denying Salerno's motion for reconsideration because Salerno failed to establish a basis for such relief. *See* D. Ariz. L.R. Civ. 7.2(g)(1) (setting forth grounds for reconsideration); *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

We reject Salerno's contentions that the Arizona Department of Corrections waived the exhaustion requirement or violated its grievance procedures.

**AFFIRMED.**

13-15279